The opinion of the Court was delivered by
O’Nbalí,, J.
The first ground of appeal was alone the subject of re-argument. The other grounds were directed against the verdict, as erroneous in fact. In themselves they would not have constituted a sufficient reason to justify us in sending the case back, although we are far, very far, from being satisfied with the verdict upon the facts of the case.
Looking, therefore, to the first ground of appeal, alone, I shall proceed, with the concurrence of the Judge below, to state *201 the reasons why we think his ruling was erroneous. The case of Dillard vs. Dillard, 2 Strob. 89, was the^reason of the exclusion of the testimony offered. That case does not, when properly understood, at all conflict with the admissions of the declarations of one or both of the executors adverse to the will. In it, it will be seen that the declarations offered were those of a legatee who AYas not a party to the issue. That I think is such a material distinction as to make that case not authority in this. For it may be that a legatee, not a party, has no such joint interest Avith the other legatees, as of itself, to make his declarations evidence against them. In such a case, hg# have been sworn as a witness. The case of Gray vs. 1 Hill, 88, upon the authority.of which my brind decided Dillard vs. Dillard, is placed by Juoge, expressly upon the ground, that the distributee, w| tions Avere offered and rejected, Ayas not a pas competent to be sworn against his interest. It^ also says, that his declarations were inadmissible on%not ground, that there Avere other distributees and creditors over whose interests'he had no control. But the first was sufficient for the case, and the other was unnecessary. The case of Durant vs. Ashmore, 2 Rich. 184, is another illustration of the rule. There the declarations of the executors, plaintiffs in the issue, were received against the will, although they were merely, that “it tuas their opinion that the deceased had no will.” And, on appeal, it was held, that-the declarations were properly admitted. The judge delivering the opinion, said “ they were from the parties to the cause, and might be used by the adverse party.” This short sentence is just as much matter of authority as the most labored opinion. It conforms to the uniform rule, that whatever is said by a party to a cause, if it be at ■ all relevant to the issue, may be used by his adversary as testimony against him. The cases from the Georgia Reports, are full and clear authorities, in cases of the same kind as the present, ruling in conformity to what I have just *202 stated. In Harvey vs. Anderson, 12 Geo. Rep. 75, Judge Warner states the question, “were the admissions of Anderson, the propounder of the paper offered for probate, the nominated executor therein, and legatee under the same, competent evidence for the consideration of the jury.” In answer to this question, he says, “ the general rule is, that the declarations of a party to the record, or of one identified in interest with him, are, as against such party, admissible in evidence; and this general rule, admitting the declarations of a party to the record in evidence, applies to all eases where the party has any interest in the suit, whether others are joint parties with him or not, and howsoever that interest may appear, and whatever may be its relative amount.”
In Williamson vs. Nabers, 14 Geo. Rep. 285, the same ruling was repeated. These cases are identical with this. There the declarations were those of the executor, having also an interest as legatee. So in this case, both these executors, propounders of this will, have interest to a large proportion of the estate under the will.
The very argument with which we have been assailed, that an executor, having an interest against a will, might, by his admissions, destroy it, is answered by Judge Warner, in 12 Geo. Rep. 75, by saying, that “no such state of facts is presented by this record.” We might repeat the same remark here, for the executors have all the interest which make men struggle to preserve a will. Whenever the extreme case supposed arises, it will be then time enough to decide how far such a state of things may go beyond the credit of the party making them.
The case, in the matter of Thomas Drayton's will, 4 McC. 46, was cited, to show that these appellees, who propound the will for probate, are not executors until probate. But that case did not so decide, it was in it held; that if an executor die before probate, his executor cannot prove the will, or take upon himself its execution. In that case, William Henry Drayton, the propounder of the will, and named executor, is *203 called by the judge delivering the opinion, executor, as he really was by being named, though not having completed his right by perfecting the probate, it did not pass to his executor.
The rule is stated in Williams on Executors, 239. “ The probate, however, is merely operative as the authenticated evidence, and not at all as the foundation of the 'executor’s title, for he derives all his right from the will itself, and the property of the deceased vests in him from the moment of the testator’s death.” The cases of Taylor vs. Taylor, 1 Rich. 531, and Workman vs. Dominick, 3 Strob. 530, show that the person named as executor in the will is thereby, and from the death of the testator, the executor in fact and law. Otherwise it never would have been held, as it'was in Workman vs. Dominick, that Hair, the executor named in the will!, but who refused to qualify, and who did not present the will for probate, was an incompetent witness to prove its execution.
The appellees here may therefore- be legally regarded as executors of the paper propounded for probate, having under it a joint interest, and representing' all rights and interests of the testatrix and of her legatees. In such a case, I do not perceive how there can be any question as to 4he admissibility of the declarations of one or both of them against the will which they undertake to set up.
Independent, however, of their joint interest and their joint representation of all claiming under the will, the very fact of presenting together the same paper as a will, and contending together for its probate, is certainly plenary evidence of combination to obtain a common end, and in that point of view the declarations of one would be evidence against both.
The motion for a new trial is granted.
WhitNER and Munro, JJ., concurred.